United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51283
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BERNARDINO GARCIA-ALVAREZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1160-ALL-PM
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    We sua sponte withdraw our previous opinion[**] in this case
and substitute the following.

    Bernardino Garcia-Alvarez appeals his sentence for
possession with intent to distribute 50 kilograms or more of
marijuana, in violation of 21 U.S.C. § 841.  He argues that the
waiver-of-appeal provision in his plea agreement is invalid and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [**] The district court has now supplemented the record with a
full transcript of the rearraignment proceeding, and neither
party has filed a response or has moved for rehearing.

that the court clearly erred in denying him a two-level reduction in his offense level pursuant to U.S.S.G. § 3B1.2(b).

At the guilty-plea hearing, the district court recited the terms of the plea agreement and explained the waiver-of-appeal provision. Garcia indicated that he understood. Thus, the waiver was knowingly and voluntarily made. See United States v. Melancon, 972 F.2d 566, 569-70 (5th Cir. 1992).

Even if Garcia had not waived his right to appeal, this court would reject his claim that the district court misapplied the guidelines and clearly erred in determining that Garcia was not entitled to an adjustment based on his role in the offense. Garcia has not shown by a preponderance of the evidence that there was another person involved in the offense. See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995); U.S.S.G. § 3B1.2, comment. (n.2). Nor has he provided any evidence to rebut the probation officer's finding that there was no information to substantiate or corroborate the existence of a more culpable person in this transaction. Therefore, it was not clear error for the court to adopt that finding. See Brown, 54 F.3d at 241.

AFFIRMED.